IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | | |
|---|---|---|
| JOSHUA BOYD, | ) | Civil Action No. 3: 21-cv-0158 |
| | ) | |
| Petitioner, | ) | Chief United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| ERIC TICE, THE ATTORNEY GENERAL | ) | |
| THE STATE OF PENNSYLVANIA, AND | ) | |
| the PENNSYLVANIA BOARD OF | ) | |
| OF PROBATION AND PAROLE, | ) | |
| | ) | |
| Respondents. | ) | |

MEMORANDUM OPINION[1]

Petitioner, Joshua Boyd, a prisoner currently confined at the State Correctional Institution

– Somerset, in Somerset, Pennsylvania, has filed a Petition for a Writ of Habeas Corpus under 28

U.S.C. § 2254. (ECF No. 1).  Boyd contends that his substantive due process rights under the

Fourteenth Amendment to the United States Constitution were violated when he was

recommitted as a convicted parole violator and his maximum sentence was recalculated. For the

reasons that follow, the Petition will be denied and a certificate of appealability will also be

denied.

I.      Relevant Factual and Procedural Background

On March 23, 2010, Boyd was sentenced in the Court of Common Pleas of Clearfield

County before the Honorable Paul E. Cherry to an agreed upon sentence of  5 – 10 years.  *See*

https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-17-CR-0000898-2009

---

[1]      In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily
consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment.
(ECF Nos. 9 and 10).

(hereinafter referred to as the "Pennsylvania sentence"). The original minimum date for this sentence was October 8, 2014, and the maximum date was October 8, 2019. After serving approximately five years in prison, on June 15, 2015, the Pennsylvania Parole Board ("the Board"), formerly the Board of Probation and Parole, paroled Boyd on a home plan in Baltimore, Maryland. (ECF No. 5, Exh. B).[2] Boyd does not dispute that as part of the conditions of his release on parole and transfer to the State of Maryland, he waived his right to an extradition hearing before being returned to the Commonwealth of Pennsylvania.

On February 6, 2019, while on parole and eight months before his maximum sentence date expired, the Anne Arundel Police Department arrested Boyd, for new criminal charges, stemming from a drug offense (hereinafter referred to as "the new Maryland charges"). On August 15, 2019, a jury found Boyd guilty of five drug offenses and the court revoked his bond. (*Id.*, Exh. E). On September 11, 2019, as a result of his Maryland conviction, the Board lodged a detainer against Boyd. (*Id.*, Exh. D). On December 11, 2019, Boyd was sentenced in the Circuit Court for Anne Arundel County on the new Maryland charges to a term of 1 to 20 years incarceration, with all but 5 years suspended. (*Id.*, Exh. E).

On April 28, 2021, Boyd was released on parole by the Maryland Parole Commission and arrested on the Board's detainer. On that same date, Boyd was returned to the custody of the Pennsylvania Department of Corrections at SCI-Smithfield, pending a parole violation hearing. (*Id.*, Exh. G). On June 23, 2021, Boyd was served with the Board's Notice of Charges and Hearing and provided a copy of "Inmate Rights at Parole Board Hearings." (*Id.*, Exh. H). On that same date, Boyd signed a Waiver of Revocation Hearing and Counsel/Admission Form

---

[2]     The  Board's Release Order, attached as Exh. B. to Respondents' Answer, is illegible as the text on the electronic copy is too dark to read.   However, Boyd does not dispute the contents of this document.

admitting that he committed new criminal offenses in Maryland while on parole.  (*Id*., Exh. I).

By Notice of Board Decision recorded August 4, 2021, the Board recommitted Boyd as a convicted parole violator to serve 12 months backtime. (*Id.,* Exh. J).  The Board also, at its discretion, recalculated Boyd's maximum sentence date to August 21, 2025,[3] reflecting that the time Boyd spent at liberty on parole had been forfeited, for the following reasons: "The offender has a history of supervision failure(s) in probation and/or parole to warrant denying credit for time at liberty on parole. The offender continues to demonstrate unresolved drug and/or alcohol issues that warrant denying credit for time at liberty on parole."  Included within the Notice was the statutory language from 37 Pa. Code Sec. 73 explaining that the Notice of Decision was "subject to the administrative remedies process" and "a request for administrative relief [must be filed] with the board within thirty (30) days of the mailing date of this decision.  You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court." (*Id*.).

On September 3, 2021, Boyd filed an appeal to the Board. (ECF No. 13).[4] On October

---

[3] The Board explains its recalculation as follows:

> When Boyd was last released on parole on June 15, 2015, his maximum sentence date was October 8, 2019, which left 1576 days remaining on his sentence.  As a convicted parole violator, Boyd forfeited credit for all of the time he spent at liberty on parole.  Boyd became available to begin serving the backtime on his original sentence at institution number JM-0038 on April 28, 2021, the date he was returned to the Department of Corrections Custody after being paroled from his new Maryland sentence.  Adding 1576 days to April 28, 2021, yields a new parole violation maximum date of August 21, 2015.

Answer, at ¶ 15(a)-(d); *See also* ECF No. 5, Exh. K.

[4]      In his Memorandum in Support of his Petition, Boyd indicated that an administrative appeal was pending before the Board.  (ECF No. 2 at 2).  On December 23, 2021, the Court ordered the Board to provide the Court with the status of this administrative appeal.  (ECF No.

14, 2021, the Board modified and removed two erroneous reasons for the denial of credit from

the April 4, 2021, panel decision and affirmed the panel decision on all other issues. Specifically,

the Board removed the reference to Boyd having a history of supervision failure and to the

reference that he was on parole for violation of probation.  However, the Board concluded that

"considering your new crime involved the selling and distribution of narcotics in Baltimore,

Maryland, and that you were found to be in possession of marijuana and other controlled

substances when you were arrested, the remaining reason that you to continue to demonstrate

unresolved drug and alcohol issues is supported by the record."  (ECF No. 13, Appx A).  The

October 14, 2021, response informed Boyd that his legal rights may be affected if he failed to

appeal:

> Failure to appeal a decision may affect your legal rights.  See 37 Pa. Code sec. 73.
> If you wish to appeal his decision, you must file an appellate petition for review
> with the Commonwealth Court within thirty (30) days of the mailing date of the
> Board's response.  The request shall set forth specifically the factual and legal
> bases for the allegations.  You have the right to have an attorney in this appeal.
> You may be entitled to counsel from the Public Defender's Office at no cost.
> Enclosed with the Parole Board's response is a form with the office names and
> addresses of all Chief Public Defenders in the Commonwealth.  Any request for a
> public defender should be sent directly to the Public Defender's Office in the
> county where you currently reside.

On August 29, 2021,[5] Boyd filed this habeas corpus petition under 28 U.S.C. § 2254 on

the grounds that the Board's decision to recommit him as a convicted parole violator and to

recalculate his maximum sentence date is arbitrary, capricious, and constitutionally

impermissible in violation of his substantive due process rights.  (ECF No. 1). He also filed a

---

11).  In response to that Order, the Board provided the Court with its October 14, 2021, decision
granting in part and denying part Boyd's administrative appeal. (ECF No. 13).

[5]     Because of Boyd's status as an incarcerated individual proceeding pro se, he is afforded
the benefit of the prisoner mailbox rule and his habeas petition is deemed filed as of August 29,
2021, the date he signed the petition and placed it in prison mailing system. *Burns v. Morton*,
134 F.3d 109, 113 (3d Cir. 1998).

memorandum in support of his petition. (ECF No. 2).  Respondents filed an answer to which they appended certain exhibits. (ECF No. 5).  Boyd did not file a reply.

On January 19, 2022, the Court ordered the parties to provide the Court with information verifying whether Boyd had filed an appeal of the October 14, 2021 decision to the Commonwealth Court. (ECF No. 14).  Respondents responded by informing the Court that the Commonwealth Court dockets did not reflect that Boyd had ever filed an appeal and that the Commonwealth Court's Office of Chief Legal Counsel had confirmed no active appellate case had been filed by Boyd.[6]  Boyd did not respond to the Order.

## II.     Discussion

### A.     Exhaustion of Claims

Section 2254 provides that a federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Challenges to denial of parole are cognizable under this section. See *Coady v. Vaughn,* 251 F.3d 480, 486 (3d Cir. 2001) (noting that jurisdiction to review a state prisoner's habeas petition challenging denial of parole lies under § 2254(a)).

Respondents argue that Boyd's claims should be dismissed as he has failed to exhaust his state court remedies resulting in a procedural default which bars federal review.

"First, a state prisoner must exhaust available remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017). "This exhaustion requirement is [] grounded in principles of comity; in a federal system, the States should have the

---

[6]  Additionally, the Court has independently reviewed the state court portal, https://www.pacourts.us/courts/commonwealth-court/docket-sheets, and it does not appear that Boyd ever filed an appeal.

first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "Second, a federal court may not review federal claims that were procedurally defaulted in state court – that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila*, 137 S. Ct. at 2064.

To properly exhaust a federal constitutional claim regarding the Board's actions, a party must first seek administrative review with the Board itself pursuant to section 73.1 of the Pennsylvania Code. In relevant part, Section 73.1 provides:

> § 73.1. Appeals and petitions for administrative review.
>
> (a) Appeals.
> (1) An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order. When a timely appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal.
> . . .
> (2) The scope of review of an appeal will be limited to whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional law.
> . . .
> (4) Second or subsequent appeals and appeals which are out of time under these rules will not be received.
>
> (b) Petitions for administrative review.
> (1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review. …
> (3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

37 Pa. Code §73.1.

The Pennsylvania Commonwealth Court has exclusive jurisdiction of final decisions of state governmental agencies. 42 Pa.Cons.Stat. § 763(a).  A court reviewing an agency decision shall not affirm the administrative decision if it finds that the adjudication is in violation of the appellant's constitutional rights. 42 Pa.Cons.Stat. §§ 702, 704.

Fatal to Boyd's habeas petition is that he did not file an appeal of the Board's decision to the Commonwealth Court. For this reason, the Court finds that Boyd failed to exhaust his claim, resulting in a procedural default.

A procedural default can be overcome, however, if a petitioner can demonstrate "cause" for the default, i.e., that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." *See, e.g.*, *Coleman*, 501 U.S. at 750; *Martinez v. Ryan*, 566 U.S. 1 (2012); *Murray v. Carrier*, 477 U.S. 478, 488, 494 (1986). Boyd points to no evidence that establishes cause to overcome the procedural default.

The instant petition for writ of habeas corpus will be denied because Boyd failed to exhaust his claim and, as a result, his claim is procedurally defaulted.  Moreover, Boyd has failed to produce any evidence from which this Court could find cause to overcome the procedural default.

B.     Merits

Alternatively, even if this Court were to find that the procedural default should be excused, Boyd's petition is without merit.   He claims the Board's decision to recommit him as a convicted parole violator and to recalculate his maximum sentence date is arbitrary, capricious, and constitutionally impermissible in violation of his substantive due process rights.

Importantly, the Court of Appeals for the Third Circuit has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted.

*Hunterson v. DiSabato,* 308 F.3d 236, 246–47 (3d Cir. 2002). That is because the relevant level of arbitrariness required to find a substantive due process violation involves more than an unreasonable action, but something that is more egregious and at times "conscience shocking." *Hunterson*, 308 F.3d at 246–47. It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." *Id*. at 247–48. *See also Newman v. Beard,* 617 F.3d 775, 782 (3d Cir. 2010) ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). Importantly, "federal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001); *Newman,* 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest [.]") (internal quotations and citations omitted).

Boyd has failed to allege, let alone support it with evidence, that the Board's decision was so egregious as to be conscience shocking.  He fails to recognize that he was recommitted as a parole violator based on his conviction for the criminal conduct he committed in Maryland while on parole.  A parolee, while on parole, remains under the jurisdiction of the Board and if the parolee commits a crime punishable by imprisonment and is convicted of that crime by a judge or jury, the parolee may be recommitted as a parole violator. 61 Pa.C.S. § 6138.

In the case *sub judice*,  Boyd committed a new criminal offense while he was on parole. The recommitment decision mandated that Boyd receive no credit for time at liberty while on parole pursuant to 61 Pa.C.S. § 6138(a)(2).  Boyd was provided with notice of the recommitment and an explanation of why he was not credited with street time.  The Board's decision cannot be said to be egregious.   Moreover,  the Board's decision was not based on constitutionally

impermissible grounds.  Although Boyd disagrees with the Board's decision, he has failed to demonstrate he was recommitted in violation of his substantive due process rights or that the Board's actions could be described as "conscience shocking."

For these reasons, Boyd's petition will be denied as he has failed to make a substantial showing that his constitutional rights were violated when he was recommitted as a convicted parole violator and his maximum date was recalculated.

## III.    Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Applying that standard here, jurists of reason would not find it debatable whether Boyd's claim should be denied. Accordingly, a certificate of appealability will not be issued.

**VI.      Conclusion**

For all these reasons, the petition for writ of habeas corpus will be denied and a certificate of appealability will not be issued.  An appropriate Order follows.


February 23, 2022                                        s/ Cynthia Reed Eddy
                                                        Cynthia Reed Eddy
                                                        Chief United States Magistrate Judge



cc:      JOSHUA BOYD
         JM-0038
         SCI-SOMERSET
         1590 Walters Mill Road
         Somerset, PA 15510-0001
         (via U.S. First Class Mail)

         John C. Manning
         Office of General Counsel
         (via ECF electronic notification)